## HARWELL v. JORDAN CONST. CO.
### (No. 2908.)

Court of Civil Appeals of Texas. Amarillo. Feb. 1, 1928.

Rehearing Denied April 11, 1928.

1. **Municipal corporations** ☞562(1)—**Landowner, not objecting on original hearing to letting paving contract, held not estopped, in suit for assessment, from raising defense of altered contract.**

Where city council entered into a contract for paving nine blocks, but, when six blocks were completed, work was stopped, whereupon lot owner at terminus of pavement was sued by paving company to recover special assessment, *held*, that defendant was not estopped from presenting defense that contract was not carried out as agreed, and that he had received no benefit from paving on account of failure to carry out contract merely because he had not objected to the letting of the contract at the hearing before city council at time contract was entered into.

2. **Municipal corporations** ☞361—**That paving contractor could not have recovered from certain lot owners held insufficient excuse for abandoning contract, precluding recovery of assessments.**

Where city entered into contract with paving company for paving of nine blocks, but only six blocks were paved, whereupon contractor sued owner of lot at terminus of pavement for his special assessment, *held*, that fact that some of the property abutting on the three unpaved blocks constituted homesteads, and cost of pavement could not be recovered, furnished no defense to paving company for its abandonment of contract, precluding recovery from owner, who had been given no opportunity to show that paving completed was of no benefit to him.

3. **Municipal corporations** ☞365—**City could not accept paving, where contract was uncompleted, without giving owner opportunity to show lack of benefits.**

Where city had entered into a contract for paving nine blocks, and contract was abandoned on completion of six, whereupon paving company sued owner of lot on terminus of paving for special assessment, *held*, that city was without authority to contract for or accept the work as done without giving property owners an op-

portunity for hearing to show lack of benefit from improvements, precluding paving company's recovery from lot owner on uncompleted contract.

Appeal from District Court, Hardeman County; Robert Cole, Judge.

Suit by the Jordan Construction Company against Mason Harwell. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Marshall & Perkins, of Quanah, for appellant.

C. Y. Welch, of Quanah, and Williams & Day, of Plainview, for appellee.

RANDOLPH, J. This suit was filed in the district court of Hardeman county by appellee to recover of appellant upon a special assessment paving certificate issued by the city of Quanah, on account of the paving of a part of Main street in said town, and which paving, in part, abutted upon real estate constituting the defendant's homestead.

On trial before the court, without the intervention of a jury, judgment was rendered for the plaintiff, appellee, and the defendant has appealed to this court.

The plaintiff's petition alleged substantially, that the city of Quanah, on the 4th of December, 1919, adopted a charter, as is provided for by title 22, c. 17, of the Revised Statutes of Texas, at an election then held for that purpose; that said charter provides that the city council shall have power to provide for the improvement of all streets and alleys in said city by draining, grading, and otherwise improving the same, and to charge the cost of making such improvements against the abutting property by fixing a lien against same and a personal charge against the owner thereof, not exceeding three-fourths of the total cost of said improvements; that, in pursuance to the provisions of said charter, and under the provisions of the laws of the state of Texas, the city council of said city did, on the ―――― day of ――――, declare a necessity of improving certain streets in the town of Quanah, to wit, a portion of Main street, from Fifth street to Fourteenth street, as shown by resolution passed by said city council on the date above mentioned, and thereafter the Elrod Engineering Company, acting under employment by said city, prepared plans and specifications for the improvement of said street, which plans and specifications were adopted by the city council by resolution; that, after the approval of said plans, the city council advertised for bids for the improvement of said street by paving, etc., and that the bid of the plaintiff was the lowest bid received for so improving said streets, and that the city council did, on the 31st day of March, 1924, accept said bid of the plaintiff, as shown by resolution passed on that date; that,

after the acceptance of said bid, the city of Quanah entered into a contract with plaintiff for the paving and improvement of said portion of Main street, and that, in pursuance to said contract, the plaintiff entered into a bond for the completion of said work; that the city council did have said engineer to prepare a statement showing the cost of so improving said Main street, and did give to each owner on said street a notice of the cost of improving each piece of property on said street, and did publish said notice in a newspaper in the city of Quanah, Tex.; that the city council, by ordinance passed April 9, 1924, set a time for the hearing of protest of any property owner on the improvement of said street in front of the property owned by such person, and that on the day set for said hearing the defendant, Mason Harwell, did not appear and protest said improvements; that the city council by resolution on the 9th day of April, approved the contract and bond of plaintiff for improving said street; that, in accordance with said contract, resolutions, and ordinances, the plaintiff did begin the improvement of said street, and said work was completed under the direct supervision of the city engineer; that the city ordinances providing for the method of paying for said improvements requires the owner of the property to pay one-third and the city one-third, and the owner of the property to pay for the curb and gutter; that said work was accepted by said city council of the city of Quanah; that, by an ordinance passed May 5, 1924, the city council provided the manner of paying for said improvements, and assigning against the owner of the property two-thirds of the cost thereof, and fixing a lien on the property and a personal charge against the owner. Plaintiff further alleges that defendant is the owner of lots 6, 7, and 8, in block 147, in the town of Quanah, located on Main street, and being a part of the property in front of which said street was so improved by paving, etc.; that, after said work was completed and accepted, the city of Quanah did execute and deliver to plaintiff a special assessment certificate in the principal sum of $1,074.73, payable in three equal annual installments against defendant, and lots 6, 7, and 8, in block 147, in the town of Quanah, and that said certificate is in the amount specified in the contract between the city and the plaintiff, and is a reasonable amount for said work; that said certificate bears interest from August 5, 1924, at the rate of 8 per cent. per annum, and further provides for a reasonable attorney's fee in case suit is brought on the same; that plaintiff has placed said certificate in the hands of their attorney for collection, and has agreed to pay him the sum of $200, which is a reasonable attorney's fee for the same.

Plaintiff prays for a judgment against

defendant for the amount due as principal and interest on said certificate, and for the sum of $200 as attorney's fees, and, in the alternative, in the event the court should find the certificate void, for a sum of the value of the material and labor placed on said street, and for general relief.

Defendant answered by general demurrer, special exceptions, all of which were overruled by the court, and further answered by general denial, and specially denied that the city of Quanah had ever, at a special election held for that purpose, adopted chapter 2, title 22, of the Revised Statutes of Texas. Further answering, the defendant alleges: That in said contract between appellee and the city, and in all the ordinances and resolutions adopted, and in all proceedings had in connection with said street improvements, it was contemplated and provided that the part of Main street to be so improved and paved extended from the south line of Fifth street to the south line of Fourteenth street, or a distance of nine blocks, which said portion of Main street was generally designated in said proceedings as district No. 6. That, in the notice given to defendant and other owners of said property abutting said portion of Main street, it was expressly recited that said entire district No. 6 was to be improved by paving, etc., and that the assessments made by the city council against this defendant and other abutting property owners were made upon the theory that said entire district should be so paved and improved; and that the amounts to be assessed against property owners should be payable in three equal installments, as follows: One-third upon the completion of said improvements, and one-third in one and two years respectively from that date; that plaintiffs had never completed said improvements, and had never, in any way, paved any part of said district No. 6, except six blocks, i. e., the six blocks between Fifth and Eleventh streets; that a makeshift paving and curb was completed on said Main street from Fifth street to Eleventh street on or about the 5th day of August, 1924, and that at that time plaintiff wholly abandoned said work, and wholly defaulted in the completion of said contract, and had not attempted to pave or improve any part of said Main street between Eleventh street and Fourteenth street, and had no intention of ever paving said three remaining blocks of said district. That said improvements on said three blocks were not omitted by reason of the fact that the property abutting thereon was exempt property, but were omitted for the sole reason that the plaintiff abandoned said work and defaulted in its said contract, and that, by reason of the fact that the city council, in violation of said contract, and in violation of the rights of the defendant and of other property owners on said street similarly

situated, permitted plaintiff to abandon said work. Further, that the defendant's property, lots 6, 7, and 8, in block 147, is situated abutting on the west side of said Main street, at the intersection of said street with Eleventh street, and that the pavements as constructed, now extends from the north end of said district No. 6, to and even with defendant's said property, and that all that part of said district No. 6 lying south of defendant's property is wholly unpaved and unimproved; that, as a result of the abandonment of said work, and as a result of its failure to complete said improvements in accordance with said contract, the conditions were such (which conditions were set forth in detail) that defendant had not received the benefits and enhancement in the value of his property that he would have received had said improvements been completed in accordance with said contract, and that in truth and in fact the improvements, as made, had not enhanced his property in any amount, but had been and were an injury and damage to said property; that the finding of the city council to the effect that defendant's property would be enhanced in value in an amount equal to the amount proposed to be assessed against him was not binding or conclusive upon defendant, for the reason that the improvements which it was contemplated by said city council would so enhance the value of defendant's property had not been constructed and had not been substantially completed, and for the reason that the failure on the part of plaintiff to complete said improvements worked a positive damage to defendant's said property. Further, alleging that, by virtue of said contract, ordinances, and resolutions and proceedings in connection with said contract, and by virtue of the assessments subsequently levied against this defendant and other owners of property abutting on said street, which assessments were made upon the theory and premise that said improvements would be constructed in accordance with said contract, the city council only acquired jurisdiction of said work as a whole, and had no authority to contract for or accept less; that the action of the city in issuing the certificates sued on when said work was only partially completed and which had never been completed, was not binding upon the defendant; that said certificate was prematurely issued, and that this suit was prematurely brought and should be abated.

Defendant further alleges, by verified plea, that the consideration for which the assessment was made against him had wholly failed, and that the certificate sued on was without consideration. Further, that the certificate sued on was void and not binding on the defendant, for the reason that the city council was without authority to make said certificate payable in any number of installments less than five; and further for

the reason that said certificate includes a certain amount as part of the cost of paving street intersections; that no assessment certificates have been issued against any owner of abutting property in said district No. 6, south of Eleventh street, which owners have received all the benefits and suffered none of the damages received and suffered by defendant on account of the construction of said pavement, as constructed; and that the certificate sued on was therefore void, for the reason that the cost of paving said street was not distributed uniformly among the property owners in said district whose properties abutted on said street. Further, that the defendant was never given an opportunity to be heard on the question of special benefits received, or that would be received, by him by virtue of the paving of that part of said street or district, which was actually paved, and that the only notice ever given to this defendant as to the assessment proposed to be made against him was notice of the assessment proposed to be made on account of the paving of said entire district No. 6—extending from Fifth street to Fourteenth street, and that the assessment as made against him and the certificate sued on are void, for the reason that said assessment was made and said certificate was issued in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States, and in violation of section 19, art. 1, of the Constitution of the state of Texas, for the reason that the "due process" and "due course of law," guaranteed by said provisions of the Constitution of the United States and of the state of Texas, required that, before said city council was authorized to make said assessment and to issue said certificate, this defendant be given an opportunity to be heard upon the question of the special benefits received or which would be received by him by virtue of the paving of said street, as the same was actually paved.

The ordinance which levied the assessment against the defendant provides:

"That for the purpose of evidencing the several sums of money payable by said property owners, and the times and terms of payment, and to aid in the enforcement and collection thereof, assignable certificates shall be issued by the city of Quanah upon the completion and acceptance of said work of improvement."

The contract for paving executed by the city and plaintiff provided for the paving of the nine blocks on Main street, which would have extended the paving three blocks beyond defendant's residence. The plaintiff notified the defendant of the hearing upon this contract. The defendant appeared at this hearing, and testifies that he had no objection to the contract as made. When the paving was completed to the end of defendant's property, the contractor and city seem to have agreed to abandon the work, and, at any event the contractor, plaintiff, ceased work, and, in the language of the party charged with the oversight of same by the plaintiff, moved out of Quanah, "lock, stock, and barrel," leaving three blocks unpaved beyond the defendant's property, which was included or called for in the contract. When the defendant discovered that the work had been abandoned, he filed his protest to such action. The city council gave the defendant no opportunity for a hearing on their action or on the question of benefits received by him by reason of the paving constructed, but, without any notice to him, abandoned the work as stated above.

The defendant's contention is that the contract was a contract for the paving of the whole of the nine blocks, and that the city was not authorized to issue assessment certificates against the owner of any abutting property on the street so improved until the plaintiff had completed said contract; and further that, the contract being for the paving of the nine blocks, and the defendant having acquiesced in said whole contract, a performance of such contract as a whole must have been had before the defendant could be bound thereby.

The plaintiff answers this contention that the defendant, not having voiced his objection to such contract at the time of the hearing on the question of benefits, and not having instituted his suit within the time prescribed by the statute, is estopped from now doing so.

The plans and specifications attached to and made a part of the contract between the plaintiff and the city contained the following provision for a decrease in the construction provided for in the contract:

"(c) Decreased work within the subject of this contract in such proportionately small amounts as may not affect the performance and completion of the undertaking may, when necessary, be ordered by the engineer in writing.

"(d) In the event of the contractor abandoning the work to be done under this contract, or if the said work is unreasonably delayed, the city reserves the right and option to annul and cancel this contract upon five days' written notice to the contractor, and to complete the remainder of the work to be done in such manner or by such means as he may deem advisable.

"(e) The city of Quanah undertakes and agrees to execute and deliver to the contractor, upon the completion of each particular street or portion thereof named to be improved, assignable certificates declaring the amounts due from property owners, and the interest thereon, etc.

"(f) Payments: (1) The abutting property owners are required *to pay two-thirds* of the costs of said improvements, according to the front foot plan or rule. * * * (3) The owners of property upon said improvements shall pay the whole cost of installing curbs, and two-thirds of the cost of the entire improvement of said streets, exclusive of that portion paid for

by railroad companies. * * * When the work on any street is completed and accepted by the city, one-third of the cost assessed against the property owners thereon shall be payable and due by them, and one-third on or before one year from date thereof, and one-third on or before two years from date thereof."

The evidence discloses that some of the lots abutting on the three unpaved blocks were the homesteads of parties, and that possibly some of the owners thereof had no other property out of which the cost of paving could be made, and that it had a right to abandon such work, under the terms of the contract above set out.

It is agreed that the property in question here is the defendant's homestead, and the court recognizes this by not enforcing a lien—only rendering a personal judgment. Further, there is evidence that the pavement as laid inflicted damage upon the defendant's property, However, the fact that some of the property owners on the three blocks unpaved have their homesteads on same, against which a lien could not be fixed, does not enter into the question here discussed. Neither will the question of damage to the defendant's property be considered as an offset here, for the reasons which will later be stated.

[1] The defendant was not estopped from presenting his defenses to this suit by reason of his failure to object to the contract at the hearing before the city council. He was notified and was present to consider a contract which was to be let and which would embrace nine city blocks, passing three blocks beyond his home, and furnishing him an outlet to the south, and also furnishing proper drainage. He had no objection to this contract, but was desirous of having the street thus paved. But, when such contract was abandoned, so that only six blocks were paved, leaving him on the terminus of the pavement, instead of furnishing him a south outlet and a proper drainage, he then had a right to be heard, and any action taken without affording him an opportunity to show that such a pavement could not benefit him was not binding on him in any respect.

We are not considering the question of the want of proper drainage, as a question of damages, but we are considering it as entering into the question of benefit to the property.

[2] The fact that some of the property abutting on the three unpaved blocks constituted the homesteads of various parties, and that, as to some of them, the cost of the street paving could not be recovered, furnishes no defense. This should have been ascertained in advance of the signing of the contract. The contract should not have been entered into on the basis of the paving of the nine blocks, but, as it was entered into, the defendant had the right to estimate his benefits from the whole contract, and not from a part performance thereof.

The case of Berwind v. Galveston & H. Inv. Co., 20 Tex. Civ. App. 426, 50 S. W. 413, was an action brought by Berwind against the company upon certain improvement certificates issued by the city of Houston to the Litho-Carbon Rubber Company, for the construction of sidewalks abutting appellee's property in the fair ground addition in the city of Houston, and which had been assigned by said company to Berwind. The work was done under a contract entered into between said rubber company and the city council, acting under the charter of the city. Berwind prayed for judgment against the investment company for the amount of the certificates, together with interest, costs, and attorney's fees, and a foreclosure of the lien given by the charter for the payment thereof. The investment company's answer was a general demurrer, general denial, and a special plea denying the authority of the city to issue the certificates, and alleging that the sidewalks built by the contractor were not continuous, connecting and uninterrupted sidewalks, as provided for in the contract, and had not been built in accordance with the specifications therefor, and that the amounts called for in the certificates were more than called for by the contract, plans, and specifications, and that there was a want of consideration. That case was tried without a jury, and resulted in a judgment against the right of Berwind to recover upon the certificates or for any sum whatever.

In that case, as in the case at bar, the contract was a whole contract, and not one providing for the performance of piecemeal projects. The Court of Civil Appeals, in passing upon the case, held:

"The contract of the appellant's assignor was to construct sidewalks throughout the entire system, and this the owners of the abutting property may have had no objection to being taxed for, as it provided them with good walks communicating with the various parts of the district. A sidewalk immediately in front of a lot, and not extending beyond it on either side, is of very limited advantage. So, it is obvious that the work was to be done as a whole, and not in disconnected parts, and that to construct only a portion of the sidewalks, leaving intervening spaces of greater or less extent, would not be a performance of the contract. The city council would have no right to accept part performance for the whole, and this would not be involved in its discretionary power to decide as to the sufficiency of the material used and the manner of construction. While the action of council was conclusive as to the thickness of concrete and asphalt as laid, and quality thereof, it would not be binding in the acceptance of work done which was not in fact done. All of the steps and conditions precedent to the work taken and complied with were in reference to the work as a whole, which the abutting property owners made no objection to, and the council by its action only acquired jurisdiction of

the work as a whole, and had no authority to contract for or accept less, and its action in accepting the disconnected parts of the work done was not binding on the owners of the lots abutting upon the constructed parts. No authority was conferred on the council to act upon any other or different work"—citing various authorities, including the case of Dougherty v. Hitchcock, 35 Cal. 523.

"The certificates were not negotiable instruments, and they were subject, in the hands of the appellant, to whatever defenses might have been available against the Litho-Carbon Rubber Company. Since the city council was without authority to contract for or accept the work that was done, there could be no recovery by the appellant, either for quantum valebat or for any benefit that may have accrued to the property of the appellee. The provision of the charter allowing such recovery can only apply where the council has acquired jurisdiction of the subject-matter. This remedy is allowed by the charter in the suit required to be brought by the property owner to restrain further action by the city officials in reference to the matters contained in the petition to the city council objecting to the proceedings after the same have been acted on adversely by the council. * * * But it cannot apply where the action of the council is void."

The Supreme Court refused an application for writ of error in the above-quoted case.

[3] Under authority of the opinion in the Berwind Case, supra, we hold that the city council of Quanah was without authority to contract for or accept the work that was done by the plaintiff, and, as their action was void, no recovery can be had in the case at bar.

The judgment of the trial court having been rendered upon void proceedings of the city council of Quanah, we hereby reverse the judgment of that court, and here render judgment that the plaintiff take nothing by its suit.